IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AUGUSTINA PRYCE,                          §
                                          §
         Plaintiff,                       §
                                          §
V.                                        §          No. 3:25-cv-3366-G-BN
                                          §
AIDS HEALTHCARE FOUNDATION,               §
                                          §
         Defendant.                       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Augustina Pryce filed a *pro se* complaint alleging employment discrimination on the basis of disability, gender, and sexual orientation. *See* Dkt. No. 1. The case was initially filed in the Eastern District of Texas and then transferred to this Court. *See* Dkt. No. 4. And Senior United States District Judge A. Joe Fish referred Pryce's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Pryce moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 3. The undersigned entered an order and notice of deficiency ("NOD") explaining that the verified financial information in Pryce's initial IFP motion prevented a finding that requiring Pryce to pay the $405 filing fee will cause undue financial hardship and requiring that Pryce pay the filing fee by January 16, 2026. *See* Dkt. No. 8. On the same day that the NOD was entered, Pryce filed a second IFP motion. *See* Dkt. No. 10. And although it has now been more than a month since the court-imposed deadline to pay the filing fee, Pryce has not yet paid the fee.

And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the IFP motion and order Pryce to pay the $405 filing fee within 21 days of any order accepting or adopting this recommendation (or within some other reasonable time to be set by the Court), and, if she fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

### Legal Standards

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019). But, to gain access, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant in order to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id.* And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of

thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Williams v. Louisiana*, Civ. A. No. 14-00154-BAJ-EWD, 2017 WL 3124332, at *1 (M.D. La. Apr. 14, 2017) (noting that the applicable standard "requires a showing of more than an inconvenience to the applicant" (citations omitted)).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit also] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *accord Pisano v. Astrue*, No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (collecting cases).

And a financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to find that a movant qualifies for leave to proceed IFP. *Muhammad v. La. Attorney Disciplinary Bd.*, Civ. A. No. 09-3431, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility,

the court should first docket the case and then proceed to the question ... of whether the asserted claim is frivolous or malicious."); collecting cases).

## Discussion

These legal standards were set out in the NOD sent to Pryce. *See* Dkt. No. 8. And as also set out in the NOD, *see id.* at 3, Pryce's original IFP motion and financial affidavit reflect that Pryce has an average monthly income of $3,000 in employment income and no dependents, *see* Dkt. No. 3 at 1-3. Pryce's amended IFP motion reflects a slightly higher average monthly income of $3,200 and lists her mother as a dependent who "borrow[s] money sometimes," Dkt. No. 10 at 1-3, and assuming the reported information to be true, the applicable poverty guideline for a family of two in Texas for 2026 is $21,640, *see* Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797, 1798 (Jan. 15, 2026). So Pryce's reported annual income of $38,400 is above the federal poverty guideline. *See Logan v. Logan*, No. 4:23-cv-1252-P, 2023 WL 9052109, at *1 (N.D. Tex. Dec. 29, 2023) ("The Court has discretion to make [IFP] decision guided by an array of considerations and (most importantly) informed by the federal poverty guidelines." (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988))).

Considering the IFP motion as filed, the undersigned cannot recommend that the IFP motion be granted consistent with the legal standards set out above.

## Recommendation

The Court should deny Plaintiff Augustina Pryce leave to proceed *in forma pauperis*, *see* Dkt. Nos. 3, 10, and order that she pay the $405 filing fee within 21 days

of any order accepting or adopting this recommendation (or within some other reasonable time to be set by the Court), and, if she fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 18, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE